Argued and submitted February 22, affirmed April 14, 1980

In the Matter of the Compensation of
STONEMAN, claimant,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND, et al,
*Respondents.*

(WCB No. 77-7483, CA 15759)

609 P2d 408

Tom Hanlon, Warrenton, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent State Accident Insurance Fund. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Salem.

Elizabeth K. Reeve, Portland, argued the cause for respondent Crown Zellerbach Corp. With her on the brief were James D. Huegli, Ridgway K. Foley, J., and

Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals from a Workers' Compensation Board order, affirming the order of the referee, holding that claimant failed to meet his burden of proving that his disability was the product of either a new injury or an aggravation of an earlier injury as opposed to the natural progression of a degenerative hip disease. Claimant contends that under the procedural posture of the case, the issue of the underlying compensability was improperly reached.

The essential facts are as follows:

Claimant was injured in October, 1975, when he was pinned by a log against a tree stump, dangling upside down by his right leg. He continued to work despite pain until two weeks later when he slipped and fell while working in "the brush." On October 16, 1975, he submitted an injury claim to the State Accident Insurance Fund (SAIF), which at that time insured the respondent employer, Crown Zellerbach Corporation (Crown). Claimant saw Dr. Moore, complaining of back and hip pain and pain in his left leg. Dr. Moore took x-rays and diagnosed claimant's injury as back strain with irradiation of pain through the pelvic region and left leg. This claim was accepted as a nondisabling injury.

Thereafter, claimant engaged generally in light work, mainly as a machine operator in the yard. In February, 1977, claimant slipped while lifting a five gallon bucket at work and, although he caught himself before falling, he wrenched his back and hips. He continued to work without reporting the incident, but the pain in his hips did not remit as it had in the past.

On July 20, 1977, claimant saw Dr. Fagan, who reported:

"It would appear that this man has had degenerative hip disease due to shallow acetabulae [hip sockets] and his disability was markedly aggravated by being pinned against a stump approximately one year

[703]

ago [later corrected to two years by Dr. Fagan] when a diagnosis of back strain was made."

Dr. Fagan attempted to treat the problem with anti-inflammatory drugs and indicated that a total hip replacement might have to be done in the future. Claimant did not report the February, 1977, injury to Dr. Fagan at that time.

In November, 1977, claimant again saw Dr. Fagan, who reported that claimant was progressing satisfactorily in controlling his pain. At this time, claimant reported the February, 1977, slip. Dr. Fagan stated:

"Mr. Stoneman has degenerative changes of his hips which would have been aggravated by his slip in February of 1977; however, I do not have any particular history regarding this injury."

Claimant's statements, in his testimony and in prior signed statements submitted by Crown and SAIF, indicate that he had experienced hip pain for several years but that it had dramatically increased following the 1975 injury. Thereafter, he underwent periods of sharp pain which would persist for several days and then subside.

Claimant filed a claim with SAIF for aggravation. After an investigation, SAIF denied the claim, stating that it was to a different part of the body than the 1975 injury and that it was therefore a new injury. Claimant consulted an attorney, who filed a request for a hearing on this denial and an additional claim for a new injury against Crown (which had become self-insured since the first injury). Crown denied this claim on the ground that it was an aggravation of the 1975 injury and requested the Workers' Compensation Department to issue an order designating a paying agent and to hold a hearing to determine whether Crown or SAIF was responsible for the injury. ORS 656.307(1).[1] On March 30, 1978, an order was issued

[1] "(1) Where there is an issue regarding:

"(a) Which of several subject employers is the true employer of a claimant worker;

designating Crown as paying agent, and a hearing on this order and denials by Crown and SAIF, was held on November 28, 1978.

On August 1, 1978 (after the motion for an ORS 656.307 hearing but before the hearing itself), this court decided *Weller v. Union Carbide,* 35 Or App 355, 582 P2d 8 (1978),[2] which held that to establish a compensable claim for a degenerative spinal condition, the claimant had to show that his work had caused or materially worsened his condition as opposed to merely increasing the symptoms (*i.e.,* pain). 35 Or App at 359-60. At the hearing, both SAIF and Crown took the position that the claim was not compensable at all.

The referee noted that claimant had had insufficient notice of this position at hearing since Crown and SAIF, by proceeding under ORS 656.307, were apparently conceding compensability. Following a colloquy in which it was determined that, in the event of a determination favorable to claimant, either SAIF or Crown would be liable for an attorney fee because of the burden of proof placed upon claimant, the referee asked claimant's attorney if he was prepared to go forward with the burden of proving either a new injury or an aggravation. Crown's attorney proposed a

"(b)  Which of more than one insurer of a certain employer is responsible for payment of compensation to a worker;

"(c)  Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries; or

"(d)  Joint employment by two or more employers,

the director shall, by order, designate who shall pay the claim, if the claim is otherwise compensable. Payments shall begin in any event as provided in subsection (4) of ORS 656.262. When a determination of the responsible paying party has been made, the director shall direct any necessary monetary adjustment between the parties involved. Any failure to obtain reimbursement from an insurer or self-insured employer shall be recovered from the Administrative Fund." ORS 656.307(1).

[2] *Weller* was subsequently affirmed at 288 Or 27, 602 P2d 259 (1979).

continuance to permit claimant to take the deposition of Dr. Fagan. The referee renewed his question and claimant's attorney responded:

MR. HANLON: "In regard to the $300, it would seem that medical—that the medical expense had—has already been paid. It would seem that the 307 order covers that and the claimant has no burden of proof.

"I suppose the issue then is does the claimant have the burden of proof to show that there's continuing effects from either the aggravation or a new injury.

"Claimant is prepared to go forward on the record and the testimony of the claimant in that area."

REFEREE: "Well, are you trying to prove that he has a residual from either one [injury] or the other?"

MR. HANLON: "Yes."

REFEREE: "As to the second one, both parties have denied it is either a new injury or aggravation?"

MR. HANLON: "Yes."

Following the hearing, the referee stated in his opinion:

"Claimant has failed to meet his burden of proof that he sustained either a new injury or an aggravation of his 1975 claim. The evidence preponderates that he has had hip problems for many years and the inference is logical that upon ascertainment that he may need a total hip replacement that he convinced himself that his problems were causally related to the industrial accidents. Claimant's credibility has been successfully attacked."

The Workers' Compensation Board affirmed, adopting the opinion of the referee. We affirm.

We agree with claimant that he had no notice prior to the hearing that the compensability of the claim would be at issue. The statute contains no provision expressly requiring notice of all the issues to be considered at a hearing. (*See* ORS 656.283(4) requiring ten days' notice of the time and place of a hearing.) However, OAR 436-83-200 provides:

[706]

> "In addition to the statutory requirements of ORS 656.283, the request for hearing shall state the issue(s) to be resolved. Failure to state an issue may be grounds for continuance if the adverse party is surprised thereby."[3]

The referee correctly perceived claimant's predicament and, as we read the record, was prepared to continue the hearing to permit claimant to develop evidence to corroborate the second injury and further medical evidence. Claimant elected to proceed. Under the circumstances we believe claimant has waived his right to object to determination of the compensability issue in this proceeding.

Claimant had the burden of proving by a preponderance of the evidence that the February, 1977, injury caused a worsening of his underlying hip disease. *Weller v. Union Carbide,* 288 Or 27, 35, 602 P2d 259 (1979). The medical evidence (Dr. Fagan's reports) is equivocal. Dr. Fagan states on one hand that the degenerative condition "would have been aggravated" by the 1977 slip, but he admits he has no history regarding the injury. His earlier report indicated that claimant's main complaint was the periods of increased pain he experienced, which did not appear to be tied to any particular traumatic incident. From the medical evidence it is impossible to discern whether, in Dr. Fagan's opinion, the 1977 injury caused a worsening of the disease process. The remainder of the evidence is similarly insufficient. We agree with the referee that claimant failed to carry his burden of proof.

Affirmed.

---

[3] In *Murphy v. SAIF,* 13 Or App 105, 108-09, 508 P2d 227 (1973), we held that, where claimant had interposed a new claim while testifying on an aggravation claim and the hearing had been continued for four months to permit claimant to present medical evidence on this new issue, failure of the employer to issue formal written denial of the claim did not preclude hearing the question.