Argued and submitted October 31, 1983, affirmed January 25, 1984

In the Matter of the Compensation of
James B. Johnson, Claimant.
JOHNSON,
*Petitioner,*
*v.*
INDUSTRIAL INDEMNITY,
*Respondent.*
(81-03979; CA A27349)
675 P2d 498

Diana Craine, Salem, argued the cause for petitioner. On
the brief was Rolf Olson, P.C., Salem.

John E. Snarskis, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

■        Claimant appeals an order of the Workers' Compensation Board, claiming that the Board erred in (1) affirming the referee's denial of compensability of his back condition; (2) disallowing an increased permanent disability award for his shoulder injury following its reclassification as an unscheduled injury, and (3) failing to find him permanently and totally disabled. On *de novo* review, we agree with the Board that claimant has failed to establish by a preponderance of the evidence that his back condition is causally related to his industrial accident. His back problems would only be relevant if his compensable shoulder injury were to be reclassified as unscheduled, in which case the disability award would be measured by his loss of earning capacity.

We, therefore, turn to the issue of whether claimant is entitled to an increased disability award for his shoulder injury. On May 20, 1980, a determination order awarded claimant 20 percent scheduled disability for loss of use of his right arm (shoulder) and 15 percent scheduled disability for loss of use of his left leg (knee). Because claimant did not appeal that order, it became final. Claimant's knee condition worsened, and a hearing was held to determine the extent of his knee disability. At the hearing, claimant asserted that his shoulder injury had been wrongly classified as a scheduled disability. The referee agreed that the shoulder injury should have been classified as unscheduled and should be re-evaluated. As a result of the re-evaluation, claimant was awarded additional permanent disability. The Board reversed that portion of the referee's order, holding that claimant was precluded by the earlier determination order from receiving additional permanent disability for his shoulder injury unless he had established a worsening of that condition.

■■        The general rule is that, following a final determination of extent of disability, a claimant's compensation is limited to medical services unless a worsening of the condition is proven. ORS 656.273(1); ORS 656.245. The only statutory exception to this general rule is contained in ORS 656.268(5), which provides that a redetermination of disability must be made when an injured worker ceases to be enrolled and actively engaged in an authorized vocational rehabilitation program. There is nothing in the record indicating that

claimant was enrolled in a program of vocational rehabilitation. Therefore, in order for claimant to obtain an additional award following the final determination of May 20, 1980, he must establish a worsening of his shoulder condition. He has not done so.

■        Claimant argues that he is entitled to additional compensation, because the shoulder was wrongly classified initially as a scheduled injury and that he is entitled to have it reclassified as an unscheduled injury and re-evaluated under the standards applicable to unscheduled injuries. Claimant had one year within which to appeal the determination order and to argue that his shoulder injury should have been classified as unscheduled. Having failed to do so, he is bound by the determination order, however wrong it might have been. The Board was correct in reversing the referee and holding that claimant was only entitled to the amount which he had already been awarded for his shoulder condition.

From our review of the record, we agree with the Board's conclusion that claimant is not permanently and totally disabled.

Affirmed.