Argued and submitted October 31, 1983, reversed February 22, 1984

In the Matter of the Compensation
of Vernon D. Ellis, Claimant.

ELLIS,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(WCB No. 81-06304; CA A27140)

677 P2d 57

Robert K. Udziela, Portland, argued the cause for peti-
tioner. With him on the brief was Pozzi, Wilson, Atchison,
O'Leary & Conboy, Portland.

Donna Parton Garaventa, Associate Appellate Counsel, SAIF, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, J., Judges.

WARREN, J.

## WARREN, J.

Claimant appeals an order of the Board which reversed the referee's award of permanent total disability and held that claimant was not entitled to any increase in his permanent disability.

■ The initial issue to be resolved is whether claimant has to establish a worsening of his condition in order to be entitled to a redetermination of the extent of permanent disability. As we noted in *Johnson v. Industrial Indem.,* 66 Or App 640, 675 P2d 498 (1984), a claimant is not entitled to additional compensation following a final determination of extent of disability except for medical services under ORS 656.245, unless he establishes that (1) his condition has worsened or (2) he has been terminated from an authorized vocational rehabilitation program. Claimant has not had any vocational rehabilitation since the determination after a hearing on September 21, 1978, that he was entitled to an award of 75 percent unscheduled permanent partial disability. Claimant's treatment at a pain center after that date does not entitle him to a redetermination unless he is able to establish that his condition is aggravated. We therefore concur with the Board to that extent.

■ In December, 1977, before the hearing on the original claim, Dr. Bert clearly concluded that claimant could do light work. He reiterated that conclusion in June, 1979. On August 14, 1979, he reported a "slow deterioration to [claimant's] condition." He stated that claimant was taking more medication than he had in the past year but reported that there was no great increase in his symptoms. On November 20, 1980, SAIF sent a letter to Dr. Bert, stating: "From reports in file it does not appear that his condition, as related to this claim, has worsened. Is this correct?" He replied, "Yes."

On August 11, 1981, in his final report, Dr. Bert stated:

> "It is my feeling that the patient is indeed severely disabled. I feel that his disability is severe and permanent. He is approaching total disability. I could envision very few jobs that he could do that would require an eight hour day that he could do continuously. There are perhaps part time jobs of a low skill nature, such as a watchman job, where he could sit or stand at his own convenience that he might be able to do but

even then this is difficult to predict without actually giving him a trial at such work, which is, of course, difficult to find."

A comparison of the reports of Dr. Bert before and after the 1977 hearing documents a worsening in claimant's condition. Before the hearing, he believed that claimant was capable of doing light work, the only limitation being on lifting over ten to 15 pounds. In his most recent report, he stated that claimant was incapable of doing any job eight hours a day and expressed some reservation as to his ability to handle even a part-time job. That is consistent with claimant's testimony. At the earlier hearing, claimant testified that he did not consider himself totally disabled and that he could be employed if the proper job could be located. Three years later, after continued efforts to find employment, and after treatment at the pain center, claimant remains unemployed, and his condition has deteriorated. The totality of the evidence documents a "slow deterioration" in his condition and meet his burden of proving a worsening of his condition. He is therefore entitled to a redetermination of the extent of his disability.

■   Claimant's impairment is described as severe and permanent by his treating doctor. He is unable to return to the type of work that he did before his injury and, according to his treating doctor, he could not return to any full-time job. It is questionable whether he could perform even part-time work.[1] He cooperated with the vocational counselor and completed a program of vocational rehabilitation but was determined thereafter to be unemployable in that field. He underwent treatment at the pain center, where the treating clinical psychologist reported that he was "an exemplary patient who was enthusiastic and participated at a high level in all classes and therapies." The conclusion of the vocational counselor was that claimant had "vigorously sought employment since being trained and was currently not employable in forestry."

Claimant is 50 years of age, has a high school education and two years of community college in forestry. He did

---

[1] Claimant has undergone two laminectomies, a fusion and surgery on both knees and has sustained fractures of his foot and finger. He also has a preexisting ulcer.

not receive an associate degree, because he could not complete the course in elementary algebra. On the basis of our *de novo* review of the evidence, we agree with the conclusion of the referee that claimant is permanently and totally disabled.

Reversed; referee's opinion and order reinstated.

The opinion in Eltzroth and Eltzroth formerly appearing on pages 112-118 has been superseded by 67 Or App 520, 679 P2d 1369 (1984).