Argued and submitted February 23, 1983, affirmed in part and reversed in part on appeal and remanded, reversed on cross appeal April 11, reconsideration denied May 25, petition for review denied June 26, 1984 (297 Or 340)

In the Matter of the Compensation of
Delbert Hutchinson, Claimant.

## HUTCHINSON,
*Petitioner - Cross-Respondent,*

*v.*

## LOUISIANA-PACIFIC CORPORATION,
*Respondent - Cross-Petitioner.*

(79-07340; CA A24356)

679 P2d 338

Janet A. Metcalf, Portland, argued the cause for petitioner - cross-respondent. With her on the briefs were English & Metcalf, Welch, Bruun & Green, David J. Holander, Samuel J. Imperati and Douglas S. Green, Portland.

Patric J. Doherty, Portland, argued the cause for respondent - cross-petitioner. With him on the brief were Rankin, McMurry, VavRosky & Doherty, Dennis R. VavRosky and Ronald W. Atwood, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant appeals and employer cross-appeals from an order of the Workers' Compensation Board. We affirm in part and reverse in part on the appeal, and reverse on the cross-appeal.

Claimant sustained a compensable injury to his back on October 25, 1978. Since that time, he has undergone a laminectomy on November 8, 1978, and three myelograms on November 3, 1978, August 8, 1979, and August 28, 1979. By a determination order of June 9, 1980, claimant was awarded temporary total disability (TTD) from October 25, 1978, to February 5, 1979, temporary partial disability (TPD) from February 6, 1979, to February 26, 1980, and 20 percent unscheduled permanent partial disability. A hearing was held on that determination order and on claimant's intervening aggravation claim. The referee affirmed the determination order, after modifying it by fixing the date on which claimant became medically stationary as October 16, 1979. He further held that claimant had not proven an aggravation or a need for pain center treatment. He awarded a penalty of 25 percent for employer's failure to pay the TPD ordered by the determination order from March 29, 1979, to October 10, 1979.

The Board modified the referee's order by deleting the award of TPD from March 30, 1979, through August 8, 1979, and the assessment of penalties for that period of time. It further held that claimant was entitled to a referral to the pain center and that his claim should be reopened upon his admission. The remainder of the referee's opinion was affirmed.

Claimant's first contention on his appeal is that the Board erred in holding that he was not entitled to TPD between March 30 and August 8, 1979, or to penalties and attorney fees for the employer's refusal to pay.[1] For the reasons stated below, we need not decide the merits of that contention; it is moot.

---

[1] Claimant contends that the referee had no authority to decide this issue, because he was not given notice of it prior to the hearing. However, claimant elected to proceed with the hearing on all of the issues; therefore, he has waived the right to object. *Stoneman v. SAIF,* 45 Or App 701, 609 P2d 408 (1980).

■ On November 16, 1979, the parties entered into a stipulation reciting that on October 1, 1979, employer had reinstated TTD retroactive to August 10, 1979, and had agreed to continue paying TTD thereafter until it was terminated "by law or by order." That stipulation stated that the claimant's right to receive TPD from March 30 to August 10, 1979, and his entitlement to penalties and attorney fees for the employer's failure to pay during that period of time were "expressly reserved for resolvance *[sic]* at the time a final hearing on this matter is scheduled." Thereafter, by a determination order of June 9, 1980, employer was ordered to pay TPD from February 6, 1979, through February 26, 1980. Employer contends that it relied reasonably on the prior stipulation in refusing to pay the TPD awarded by the determination order, because the parties had agreed that the issue of TPD for the period in question would be resolved at a "final hearing."[2] It reasons that a determination order does not involve a hearing and that it was reasonable to construe the stipulation as meaning that no payments would be required at least until a hearing before a referee resulted in an order directing payment. We agree that employer's reliance on the stipulation was reasonable; therefore, no penalties or attorney fees are due for its initial refusal to pay.

■ However, even under the broadest interpretation of the stipulation, employer was required to pay TPD if it was ordered by a referee following a hearing. OAR 436-54-310(3)(e) requires that an employer pay temporary disability compensation within 14 days of the date of an order. ORS 656.313(1) requires an employer to continue payments even though an appeal has been filed.[3] Despite the clear

---

[2] We do not express any opinion as to whether employer's interpretation of the stipulation was correct. We hold only that it was reasonable.

[3] OAR 436-54-310(3)(e) provides:

"Timely payment of temporary disability benefits has been made when paid no later than the fourteenth day after: * * *

"* * * * *

"(e) Date of any determination or litigation order which orders temporary disability."

ORS 656.313(1) provides:

"Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant."

mandate of both the statute and the administrative rule, employer refused to pay TPD, even after the referee had resolved the issue in claimant's favor. That failure constitutes an unreasonable delay in payment of compensation for which a penalty and attorney fees may be assessed.[4] ORS 656.262(10). Employer is required to pay the TPD that is owing for the period in question, plus whatever penalty and attorney fees may be assessed.

■       ORS 656.313(2) provides that an employer cannot recover from a claimant any compensation that is paid pending appeal and which is later held not to have been due. Because TPD should have been paid immediately after the referee's order and was not, it should have been paid pending review by the Board; therefore, regardless of whether employer is correct in asserting that the TPD claim was not proven, it must pay it at this time and is not entitled to an offset. For those reasons, we need not decide whether claimant was entitled to TPD payments during the period in question.

■       We agree with the referee and the Board that the medical evidence establishes that claimant was medically stationary on October 16, 1979. Employer, therefore, is entitled to recover as an overpayment any amounts that were paid after that date. The record does not disclose how much temporary total disability compensation was actually paid or the exact dollar amount of the overpayment. Accordingly, we remand to the Board for a determination of the extent of overpayment. The remainder of claimant's contentions do not justify discussion.

■■       Employer, in its cross-appeal, now concedes that the pain center treatment was justified. However, it argues that it should only be required to pay for that treatment as a medical expense under ORS 656.245(1) and not be required to reopen the claim. We agree. We concur in the referee's and the Board's conclusion that claimant failed to establish his aggravation claim. A claimant is entitled to a reopening and a redetermination of his claim only if he establishes a worsening of his condition or if he ceases to be enrolled and actively engaged in an authorized vocational rehabilitation program.

---

[4] Employer is not excused from payment by the fact that the Board reversed the award. The obligation to pay arose immediately from the referee's order.

*Johnson v. Industrial Indem.,* 66 Or App 640, 675 P2d 498 (1984). Because we agree with the referee's and Board's conclusion that claimant failed to establish his aggravation claim, he is not entitled to a reopening and a redetermination of his claim on admission to the pain center.

Affirmed in part and reversed in part on appeal and remanded to Board for determination of amount of overpayment; reversed on the cross-appeal.