Argued and submitted January 25, affirmed in part, reversed in part and remanded
March 20, 1985

In the Matter of the Compensation of
Jose G. Perez, Claimant.

PEREZ,
*Petitioner,*

*v.*

EBI COMPANIES,
*Respondent.*

(81-08151; CA A31805)

696 P2d 1160

664

Gary Furlong, Salem, argued the cause for petitioner. On the brief were Brian R. Whitehead and Michael B. Dye, Salem.

Cynthia S. C. Shanahan, Portland, argued the cause for respondent. With her on the brief were Paul R. Bocci and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that reversed his award of permanent total disability and denied him additional compensation for temporary total disability. We affirm in part and reverse in part.

On July 19, 1976, claimant injured his back while lifting barrels at work. A fourth determination order, entered June 1, 1979, brought his unscheduled permanent partial disability award for that injury to 50 percent. On June 14, 1978, claimant was diagnosed as having ankylosing spondylitis, "a slow, inexorably progressive, painful disease affecting largely the spine, that slowly and steadily progresses with increasing pain and stiffness." When the insurer denied responsibility for any disability resulting from the spondylitis, a hearing was held. The referee concluded:

"(1)   Claimant's underlying disease, ankylosing spondylitis, was aggravated by the industrial injury but

"(2)   Somewhere along the line the aggravation may have ceased, leaving some internal 'permanent' injury as a result of the aggravation. When the aggravation ran its course, if it did, or how much damage was done by this is thus far unknown.

"The above is contrary to the denial to the extent that it denies responsibility for any effects of the injury on the underlying disease."

The insurer resubmitted the claim for closure and, by determination order dated August 27, 1981, claimant was denied additional compensation. The basis for that denial was medical evidence that the effects of claimant's industrial injury had ceased sometime before June 12, 1978, and that his present disability, beyond the unscheduled 50 percent, was caused by the ankylosing spondylitis. Claimant appealed the denial and was granted an award of total permanent disability by the referee, who found:

"[The industrial injury] precipitated a course of events in which the ankylosing spondylitis progressively worsened at a faster rate because of the occurrence of the back strain and the effect of that more rapid worsening remains today a material contributing factor to claimant's disability. That is, if claimant had not suffered the July, 1976 back strain, his ankylosing

spondylitis would not have worsened as fast or as much as it did. * * *"

The Board reversed the referee's award, because it did not agree that

"[t]he progression of claimant's ankylosing spondylitis condition, which accounts for the present disability from which he suffers, is attributable in material part to claimant's 1976 industrial injury."

We agree with the Board. The medical evidence is clear that the industrial injury had some effect on claimant's ankylosing spondylitis. The disagreement is over the extent of that effect. Claimant insists that all of the disabling effects are compensable, because the referee in the original hearing supposedly found that his industrial injury aggravated the spondylitis and left some "permanent" injury. The original order did not so find,[1] and the medical evidence is clear that the industrial injury only precipitated the *onset* of claimant's present symptoms. The record indicates that before the injury he apparently had no symptoms of that condition and, since the injury, he has and will continue to have the symptoms of the disease. However, the medical evidence shows that, although the occurrence of symptoms was accelerated by the compensable injury, claimant's present disability resulting from the disease is the same as it would have been even if the industrial injury had not occurred. It is that fact which defeats his present claim for permanent total disability. Although he is entitled to compensation for the period that he would not have been symptomatic but for the industrial injury, the Board correctly concluded on this record that his present disability resulted from the ankylosing spondylitis and is not attributable in material part to his 1976 industrial injury.

The remaining question is whether claimant is entitled to temporary total disability payments from the time that the first referee reversed the insurer's denial (July 14, 1981) until the determination order denying compensation for

---

[1] Claimant relies on the referee's order denying a motion to reconsider his order. In that document, the referee "explained" that he had held in his original order that claimant had suffered some permanent injury as a result of the aggravation. The referee refused to modify the original order and ordered that it be ratified, affirmed and republished. The original order did not find a compensable permanent injury resulting from the ankylosing spondylitis.

the ankylosing spondylitis was entered (August 27, 1981), and whether the insurer is subject to a penalty pursuant to ORS 656.262(10) for failing to make those payments. The Board concluded that, because claimant was medically stationary during that time, he was not entitled to temporary total disability. Although it is true that claimant had been determined to be medically stationary, that determination was only with respect to his compensable injury, which, until the first referee's order relating to the compensability of claimant's ankylosing spondylitis, did not relate to that condition. The referee's order reversing the insurer's denial for that condition required the insurer to accept the claim and to determine the extent to which it was compensable. The dispositional language of that order provided:

"IT IS THEREFORE HEREBY ORDERED that claimant's claim is remanded to EBI Companies to provide claimant temporary total disability and permanent disability benefits that may have resulted from aggravation of the ankylosing spondylitis as caused by the industrial injury of July 16, 1976 and further process the claim, as necessary, until the claim is again ready for closure pursuant to ORS 656.268; to the extent that the above Order is contrary to the denial mailed August 7, 1980 by EBI Companies, the denial is reversed. Filing a request for review does not stay payment of compensation to claimant."

Because claimant had not been released by his doctor to return to work, temporary disability payments should have been paid until the evaluation division determined the extent of further compensation due. ORS 656.268. The failure to make those payments when ordered to do so is an unreasonable delay in payment of compensation, for which a penalty and attorney fees may be assessed under ORS 656.262(10). *See Hutchinson v. Louisiana-Pacific,* 67 Or App 577, 679 P2d 338, *rev den* 297 Or 340 (1984).

Affirmed in part; reversed in part and remanded to Board for determination of total temporary disability payments for the period July 14 to August 27, 1981, and to determine the amount of penalties and attorney fees.