In the Matter of the Compensation of
Ace L. McElmurry, Claimant.

## McELMURRY,
*Petitioner,*

*v.*

## ROSEBURG SCHOOL DISTRICT et al
*Respondents.*

(83-05729; CA A35225)

714 P2d 264

James L. Edmunson, Eugene, argued the cause and submitted the brief for petitioner. With him on the brief were Robert J. Guarrasi, and Malagon & Associates, Eugene.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant seeks review of a Workers' Compensation Board order that denied his aggravation claim. On *de novo* review, we affirm.

Claimant was injured in December, 1980, while helping move a 600-pound planter. His claim was originally closed as non-disabling. In 1981, he filed an aggravation claim. That claim was closed by stipulation on September 23, 1982, with claimant receiving ten percent unscheduled permanent partial disability. By December, 1982, he believed that his condition had worsened; the pain in his back and arms and the headaches, all of which had previously been intermittent, had become constant. He received some temporary relief from electrical stimulation equipment, but the increased pain continued essentially unchanged to the date of the hearing.

Treating and examining physicians had some difficulty determining the source of increased pain. Dr. Patterson, a neurologist who had seen claimant previously, examined him again and noted some objective changes from his previous findings. However, he did not relate those changes to claimant's compensable injury and stated that claimant was not neurologically disabled from working as a custodian, his previous job. Orthopaedic Consultants re-evaluated claimant and could find no organic basis for his increased pain. Both Patterson and Orthopaedic Consultants believed that most, if not all, of the pain was the product of functional overlay.

Dr. Norris-Pearce, a neurologist, believed that claimant's physical condition had worsened. However, he had not seen claimant before the September, 1982, stipulated determination order and so was unable to make a direct comparison between his present and his previous condition.

Claimant has shown that his pain has increased since the last arrangement of compensation. However, he has not shown that his physical condition has worsened. Increased pain can, by itself, be an aggravation if it produces an impairment that reduces earning capacity below what it was at the time of the previous determination order. *See Harwell v. Argonaut Insurance Co.,* 296 Or 505, 678 P2d 1202 (1984). Expert testimony is not necessary to show that a claimant suffers increased pain or that the pain has caused decreased

earning capacity. *See Garbutt v. SAIF*, 297 Or 148, 151-52, 681 P2d 1149 (1984).

■ The question is whether claimant's evidence of increased pain shows a worsening of his condition. He testified that the pain he has had since the injury became significantly worse in late 1982 and that it has stayed consistently that bad. His only relief came from electrical stimulation equipment and, to the date of the hearing, he had been able to use the equipment only on a temporary basis.

We accept claimant's description of his condition. However, there is no evidence from which we can determine that his earning capacity has diminished. His previous intermittent pain interfered with his working. He was not employed on September 23, 1982, and he has not been employed since. His physicians believe that, from a physical standpoint, he remains employable in his previous occupation. Claimant has not proved any present or prospective employment in which he could have engaged but cannot now. Thus, he has not carried his burden of showing an aggravation.

Affirmed.