Argued and submitted November 4, 1985, affirmed February 26, 1986

In the Matter of the Compensation of
Harold M. Miller, Claimant.

## MILLER,
*Petitioner,*

*v.*

## SAIF CORPORATION et al,
*Respondents.*

(WCB 83-02346; CA A34889)

714 P2d 1105

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Stephen E. A. Sanders, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant seeks review of a Workers' Compensation Board order affirming the referee's denial of his aggravation claim and reversing the referee's award of attorney fees for SAIF's delay in denying the claim. We affirm.

On August 13, 1976, claimant suffered a compensable fracture of his left hip that required surgery. On March 13, 1978, a Determination Order issued, awarding temporary total disability from August 13, 1976, through February 14, 1978, and 30 percent scheduled permanent partial disability of the left leg. Claimant did not seek review of the order. He continued to experience pain, and on March 11, 1983, he filed an aggravation claim.[1] SAIF denied the claim at a hearing on June 7, 1984, roughly 15 months after the claim was filed.

■    The referee decided that claimant had failed to prove a worsening of his condition since the last arrangement of compensation, stating:

"[Claimant's] testimony reveals his activity levels in 1983 and currently if anything exceed those which he was capable of performing on March 13, 1978."

The referee did award claimant $350 in attorney fees for SAIF's delay in denying the claim. Claimant sought Board review. The Board affirmed the denial of the aggravation claim and reversed the attorney fee award, because there were no "amounts then due" on which to assess attorney fees. ORS 656.262(10).[2]

Claimant argues that the Board erred in (1) holding that he had failed to prove a worsening of his condition, (2) denying his motion to remand for the taking of further evidence and (3) reversing, *sua sponte,* the award of attorney fees. We consider the second assignment of error first.

■    At the hearing, the referee refused to admit Dr.

[1] The "claim" consisted of a hearing request form, which had a box labeled "Aggravation" checked off. Claimant simultaneously filed a request to cancel the hearing date in order "to allow [SAIF] time to process [the] aggravation application."

[2] In the usual case, an insurer must begin paying interim compensation within 14 days of filing of an aggravation claim. ORS 656.273(6). However, the record reflects that claimant has been out of the work force since his original compensable injury and, thus, was not entitled to interim compensation pending acceptance or denial of his claim. *See Cutright v. Weyerhaeuser,* 299 Or 290, 300, 702 P2d 403 (1985).

Vessely's report dated May 30, 1984. The Board denied claimant's motion to remand. Claimant argues that that action was erroneous and asks us to remand pursuant to ORS 656.298(6). SAIF concedes on appeal that the report should have been admitted, and we agree. Because the report was preserved in the record, remand is not necessary. We turn to claimant's first assignment of error.

After *de novo* review of the record, including Vessely's report, we agree with the referee and the Board that, although claimant now suffers some back pain which was not present in March, 1978, the evidence does not establish that that pain has resulted in additional or greater disability. Claimant failed to meet his burden of proof. *See Harwell v. Argonaut Insurance Co.,* 296 Or 505, 510, 678 P2d 1202 (1984); *Walker v. Compensation Department,* 248 Or 195, 196, 432 P2d 1018 (1967); *McElmurry v. Roseburg School District,* 77 Or App 673, 714 P2d 264 (1986).

Claimant's final assignment of error is that the Board erred in reversing *sua sponte* the referee's award of attorney fees. He argues (1) that the Board "lacked jurisdiction" to reduce the award, because SAIF did not cross-petition, and (2) that, even if the Board has the power, it incorrectly reversed the award. We disagree.

We have consistently held that the Board's "review is *de novo* and that it may reverse or modify the order of the referee, or make such disposition of the case as it determines to be appropriate," *Russell v. A & D Terminals,* 50 Or App 27, 31, 621 P2d 1221 (1981); a cross-petition to question the referee's award is unnecessary. *Neely v. SAIF,* 43 Or App 319, 323, 602 P2d 1101, *rev den* 288 Or 493 (1979); *Cf. R.A. Gray & Co. v. McKenzie,* 57 Or App 426, 427, 645 P2d 30, *rev den* 293 Or 340 (1982) (requiring cross-petition to obtain more favorable judgment on review by Court of Appeals). Thus, the Board may reverse the attorney fee award, even though SAIF did not cross-petition. The question is whether the Board was correct in doing so.

ORS 656.262(10) provides:

"If the insurer * * * unreasonably delays acceptance or denial of a claim, the insurer * * * shall be liable for an additional amount up to 25 percent of the amounts then due

plus any attorney fees which may be assessed under ORS 656.382."

Claimant correctly argues that ORS 656.262(10) does not require "amounts then due" as a prerequisite to an award of attorney fees. However, ORS 656.262(10) *does* state that the fee award "may be assessed under ORS 656.382." The pertinent part of ORS 656.382 provides:

"(1) If an insurer * * * *unreasonably resists the payment of compensation,* the * * * insurer shall pay to claimant * * * a reasonable attorney's fee * * *."

The language is clear. Claimant was entitled to an attorney fee only if SAIF unreasonably had resisted the payment of compensation. Claimant does not argue, nor does it appear he could argue, that SAIF's delay in denying his claim amounted to an unreasonable resistance to the payment of compensation. The Board did not err. *See Poole v. SAIF,* 69 Or App 503, 508, 686 P2d 1063 (1984).

Affirmed.