Argued and submitted September 3, Court of Appeals affirmed in part, reversed in part and remanded to Court of Appeals October 21, petition for reconsideration allowed, opinion withdrawn and superseded December 23, 1986
See 302 Or 396, 730 P2d 30 (1986)

In the Matter of the Compensation of
Gavin L. Smith, Claimant.

SMITH,
*Petitioner on review,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Respondents on review.*

(WCB 83-04541; CA A36412; SC S32890)

727 P2d 123

Edward J. Harri, Salem, argued the cause for petitioner on

review. On the petition were J. David Kryger and Emmons, Kyle, Kropp, Kryger & Alexander, P.C., Albany.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents on review. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices.

JONES, J.

## JONES, J.

Claimant, Gavin L. Smith, petitions for review from the decision of the Court of Appeals affirming the Workers' Compensation Board's denial of his claim for increased disability compensation for a worsening of a compensable injury.

The Court of Appeals reviewed the record and found that on March 10, 1977, claimant suffered a compensable low back injury. The claim was closed by a determination order on September 27, 1977. Claimant continued to work until May 1978, when he quit and requested a hearing on the September 27 claim closure because he felt that he could no longer work; he has not worked since. After the April 1, 1980, hearing, the referee awarded 70 percent unscheduled permanent partial disability on May 6, 1980. The Board reduced the award to 50 percent; the Court of Appeals reinstated the referee's award. *Smith v. SAIF,* 51 Or App 833, 627 P2d 495 (1981).

Claimant continued to have problems after the April 1 hearing. On April 16, 1980, he saw Dr. Clibborn, complaining of severe low back pain and burning pain in both legs. Clibborn treated claimant at least through April 26, 1982, sending periodic progress reports to SAIF. On July 17, 1981, claimant saw Dr. Stanley, complaining of knee and low back pain. On February 14, 1982, Stanley examined claimant for pain in his left hip and on March 5 for right elbow and shoulder pain. Stanley also sent progress reports to SAIF. Dr. Tsai examined claimant in October 1979 and March 1983. He concluded that there had been a deterioration of claimant's condition during that interval.

SAIF denied the worsening claim on May 10, 1983. On June 22, 1984, the referee set aside the denial and found that claimant had proved a worsening. On June 11, 1985, the Board reversed, deciding that the claim was not timely filed within the period provided by ORS 656.273(4).[1] The Court of Appeals held that the claim was timely filed but that the claimant had not demonstrated a worsening of his condition. 78 Or App 443, 717 P2d 218 (1986).

---

[1] ORS 656.273(4)(a) provides:

"* * *[T]he claim for aggravation must be filed within five years after the first determination made under ORS 656.268(4)."

■        The issues in the Court of Appeals were (1) whether the aggravation claim was timely filed under ORS 656.273(4), and (2) whether claimant had demonstrated a worsening of his compensable condition under ORS 656.273(1).[2] On the first issue, the Court of Appeals held that the aggravation claim had been timely filed because each doctor's report submitted in claimant's case indicated a need for further treatment and, therefore, the claim was timely filed. We agree and affirm this part of the Court of Appeals decision.

On the second issue, the Court of Appeals concluded that for claimant to establish a worsening of his condition he must demonstrate that he was more disabled and that more disabled meant less able to work, stating:

> "In order to establish an aggravation claim, claimant must show 'worsened conditions resulting from the original injury.' ORS 656.273. 'Worsened conditions' means a change in condition which makes a claimant more disabled, either temporarily or permanently, than he was when the original claim was closed. *See Stepp v. SAIF,* 78 Or App 438, 717 P2d 216 (decided this date) [(review pending)]; *Miller v. SAIF,* 78 Or App 158, 714 P2d 1105 (1986). At this point, we reiterate a fundamental principle of workers' compensation law: Because compensation for an unscheduled disability is awarded for loss of earning power, *see* ORS 656.206(1)(a); 656.210; 656.212; 656.214(5), *more disabled* means less able to work." 78 Or App at 448 (emphasis in original).

The Court of Appeals has utilized several different approaches in interpreting ORS 656.273(1). In one line of cases, a compensable worsening claim was allowed if the worker proved there was a worsening of the underlying condition, regardless of whether it resulted in greater disability. The court did not define "greater disability." *See Stepp v. SAIF,* 78 Or App 438, 717 P2d 216 (1986) (review pending); *Johnson v. SAIF,* 54 Or App 179, 634 P2d 488 (1981); *Bault v. Teledyne Wah Chang,* 53 Or App 1, 630 P2d 1315 (1981).

In a second line of cases, a symptomatic worsening without a worsening of the underlying condition was held

---

[2] ORS 656.273(1) provides:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

sufficient for increased compensation regardless of whether it resulted in greater disability. *See Consolidated Freightways v. Foushee,* 78 Or App 509, 717 P2d 633 (1986); *Ellis v. SAIF,* 67 Or App 107, 677 P2d 57 (1984).

In a third line of cases, the Court of Appeals held that there must be a permanent worsening of either (a) the underlying compensable condition, or (b) the symptoms of the compensable condition. *See Scheidemantel v. SAIF,* 68 Or App 822, 683 P2d 1028 (1984); *Peterson v. SAIF,* 50 Or App 183, 622 P2d 757 (1981).

In *Miller v. SAIF,* 78 Or App 158, 714 P2d 1105 (1986), the Court of Appeals held that a symptomatic worsening which was neither contemplated nor compensated for at the time of the last compensation arrangement was sufficient for establishing a claim for benefits under ORS 656.273(1).

In *Davidson v. SAIF,* 78 Or App 187, 714 P2d 1117 (1986) (review pending), and *McElmurry v. Roseburg School District,* 77 Or App 673, 714 P2d 264 (1986), the Court of Appeals for the first time held that the symptomatic worsening must result in greater disability by showing (a) a need for additional medical care, or (b) an inability to work as a result of the symptomatic worsening.

Finally, the Court of Appeals announced that a worsening claim requires a showing that claimant is more disabled. Claimants can demonstrate that they are more disabled only by showing that they are less able to work. *See Pearson v. SAIF,* 79 Or App 211, 718 P2d 771 (1986); *Smith v. SAIF,* 78 Or App 443, 717 P2d 218, *rev allowed* (1986).

■ The Court of Appeals went too far when it invented the language that "more disabled means less able to work." That definition is unsupported either by the language of the statute or by legislative history. While it is true that a worker *might* show that his condition has worsened by showing that he is less able to work, that does not mean that he can show that his condition has worsened *only* by showing he is less able to work. Worsened condition does not necessarily mean "more disabled."

■ An injured worker may demonstrate that his condition has worsened although he is still able to work. The worker need only prove that his underlying condition has worsened by

proving increased symptoms or the need for additional medical treatment. Of course, a worker is entitled to medical expenses under ORS 656.245[3] without a showing of worsening of his underlying condition. The entitlement to services under ORS 656.245 is not tied to a worsening, but only to the requirement that the need for medical services be a result of the injury. In a claim for increased compensation for unscheduled disability under ORS 656.273, however, the worker need not show he is less able to work but only that his symptoms have increased or otherwise demonstrate that his underlying condition has worsened, resulting in a loss of earning capacity.

The Court of Appeals disallowed the worker's claim on an erroneous basis. We reverse and remand the case to the Court of Appeals to determine whether the claimant has proven worsening of his condition aside from his ability to work.

---

[3] ORS 656.245(1) provides:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services. The duty to provide such medical services continues for the life of the worker."