## SLECHTA,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(WCB No. 78-4311, CA 14681)

603 P2d 366

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

In this workers' compensation proceeding, claimant appeals from an order of the Workers' Compensation Board reversing the referee's order and ruling that claimant's degenerative arthritis is not compensable. The sole issue here is compensability. We affirm.

Claimant, who was 61 years old at the time of the hearing, had worked as a maintenance carpenter for the employer for at least 26 years. His job involves a great deal of heavy construction work. He had suffered from low back pain for the last 15 to 20 years, and periodically sought chiropractic treatment for relief. Prior to this proceeding, claimant had never filed a claim for compensation.

In the fall of 1977, while on the job setting fence posts, claimant developed back symptoms, which for the first time included radiation of pain into the left hip and leg. He subsequently filed this claim.

At the hearing, the parties introduced reports and letters from claimant's orthopedic surgeon, J. K. Bert, M.D. These exhibits were the only medical evidence. In a February 28, 1978, letter, Dr. Bert wrote:

"I do believe Mr. Slechta's job has aggravated a pre-existing degenerative arthritis. I believe it is contributing to his disability.

"In addition, I feel that continuing to do his usual and customary work will aggravate and accelerate this pre-existing degenerative arthritis. * * * "

On September 15, 1978, claimant's attorney sent a letter to Dr. Bert asking whether "Mr. Slechta's work as a maintenance man for Brunell Farms originally caused or materially and permanently worsened his spine condition." The letter provided boxes marked "Yes" and "No" for the doctor's response. On October 2, 1978, Dr. Bert marked the "Yes" box. In an October 12, 1978, letter in response to questions posed by SAIF's attorneys, Dr. Bert explained his February 28, 1978, letter as follows:

[445]

"Question number one, you asked if the letter you refer to where I use the word 'it' is contributing to his disability. The 'it' refers to the preexisting degenerative arthritis. In that same letter, *aggravated does mean that his work activity caused some of the symptoms* he is having. I would agree with your definition of spondylosis, as a general term describing degenerative changes due to osteoarthritis. *In my letter of February 28th, I am saying in effect that Mr. Slechta's usual and customary work will cause his spondylosis to become increasingly symptomatic. I cannot state that his work activity caused the degeneration of his spine,* as the causes of degenerative arthritis are complex and include hereditary factors, traumatic factors and medically unknown factors. I do believe Mr. Slechta would continue to experience symptoms of back pain if he performed his usual and customary work." (emphasis added)

In *Weller v. Union Carbide Corporation,* 288 Or 27, 602 P2d 259 (1979), the court held that in order for pain from a preexisting condition to constitute an occupational disease, the claimant:

"* * * would have to prove by a preponderance of evidence that (1) his work activity and conditions (2) caused a worsening of his underlying disease (3) resulting in an increase in his pain (4) to the extent that it produces disability or requires medical services.' Slip opinion at 9.

It is the second requirement that is at issue here.

In the absence of explanation, Dr. Bert's statements of February 28 and October 2, 1978, could be interpreted as satisfying the requirement that the work activity cause a worsening of the underlying disease. From Dr. Bert's explanatory letter of October 12, 1978, however, we conclude that Dr. Bert's earlier statements refer only to claimant's symptoms rather than the underlying disease. Under *Weller,* the claim is, therefore, noncompensable.

Affirmed.