Argued and submitted November 21, 1980, reversed February 17, 1981

In the Matter of the Compensation of
Freda K. Sheffield, Claimant.

## SHEFFIELD,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE
## FUND CORPORATION,
*Respondent.*

(No. ZD 328204, CA 18373)

623 P2d 1082

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Brown, Burt, Swanson & Lathen, Salem.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for

respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals from an order of the Workers' Compensation Board denying her claim for an award of permanent partial disability stemming from an auto accident which occurred in the course of her employment with the Salem Police Department. SAIF denied any permanent disability compensation and, when claimant returned to work full-time several weeks later, terminated temporary total disability payments.

Some six months after the accident, claimant developed paresthesia (numbness) in three fingers of her left hand, which hampered her ability to write, drive and do various other manual tasks. She had worked primarily as a social worker and in a supervisory capacity, and this disability has affected her ability to find suitable employment.

The referee found the claim compensable and ordered reinstatement of temporary total disability payments until claimant's paresthesia became stable. The sole issue presented is whether there was sufficient medical testimony to establish the probability that claimant's numbness is the product of an arthritic disc condition which antedated and was aggravated by the accident. If the accident merely caused an aggravation in claimant's symptoms without a worsening of the underlying disease process, it is noncompensable. *Weller v. Union Carbide,* 288 Or 27, 35, 602 P2d 259 (1979).

Claimant was seen four months after the accident for shoulder pain and numbness in her left arm. Dr. Anderson diagnosed a shoulder strain and:

> "[s]train, cervical spine—arthritis and degenerative disc disease—pre-existing, not aggravated."

He found she had responded well to the treatment and had no loss of function. Her treating physician concurred and the claim was closed. Two months later (six months after the accident), claimant developed the numbness in her fingers. She consulted Dr. Brust, who found no discernible weakness and diagnosed "chronic back trouble, left shoulder strain, cervical neck strain with some element of subjective paresthesia. * * *"

This problem continued. Dr. Harwood examined her and concurred with Dr. Anderson's original opinion (made prior to appearance of the specific problem involved here) that the paresthesia was not related to the accident. Dr. Searing, claimant's treating physician, at first agreed, but on deposition he stated:

"I said I did, but I really don't. I think this is all tied in together. I might qualify that by saying it didn't aggravate the disc disease but it aggravated the symptoms from the disc disease."

He stated his prognosis for claimant's arm:

"Symptoms are likely to remain constant if she uses it very much and we keep talking about degenerative disc disease because I think that this type of injury where you have the strain to the neck area would aggravate it. I don't know how you could prove or disprove it but that's what I think."

Prior to the deposition quoted above, Dr. Searing had on two previous occasions expressed his opinion in writing that claimant's paresthesia condition "in all medical probability resulted from her accident of September 20, 1978."

The medical evidence unanimously links claimant's paresthesia with the degenerative disc disease but conflicts as to whether the accident aggravated the underlying disease process. Dr. Anderson's opinion states that the accident did not aggravate the underlying disease, but it must be pointed out that his opinion was issued before the present symptoms developed. Dr. Harwood's opinion, made with reference to the present problem, concurs with Dr. Anderson but appears to rely heavily on Dr. Anderson's initial determination. Dr. Searing's testimony and reports are equivocal, as the referee and Board both recognized, but the equivocation stems more from a progressive change in Dr. Searing's opinion over the period of more than a year during which he treated claimant for the injury, than from a change in claimant's condition. The referee noted the inconsistencies in Dr. Searing's statements, but concluded that the statements were sufficient in conjunction with claimant's testimony, which the referee found highly credible, to establish as a result of the accident a worsening of the disc condition itself in addition to the symptoms. We agree.

Although claimant had had the degenerative disc condition since 1970, she had never had symptoms of this type and had not been bothered by pain or other complications for over a year prior to the injury. We understand Dr. Searing's testimony to be that the injury worsened the disease itself, although it would be difficult to trace exactly how this occurred. His qualification that the accident aggravated claimant's symptoms appears to refer more to the absence, at the time of his deposition, of objectively demonstrable deterioration in claimant's hand to explain the numbness, rather than to the distinction between disease and symptoms set forth in *Weller* (particularly since *Weller* was not published until after the deposition was taken). *Weller* does not require an unequivocal medical statement that the accident aggravated the underlying disease. 288 Or at 35.[1] We agree with the hearings referee that claimant has met her burden of proof here. The decision of the referee setting aside the partial denial, ordering SAIF to accept the claim and awarding temporary total disability until claimant is again pronounced medically stationary is reinstated.

Reversed.

---

[1] Unlike *Slechta v. SAIF,* 43 Or App 443, 603 P2d 366 (1979), *rev den* (1980), claimant here had no prior history of similar symptoms and the medical reports do, at least at one point, recognize that the accident aggravated the disease.