Argued and submitted April 14, affirmed in part; reversed and remanded in part with instructions December 14, 1983

In the Matter of the Compensation
of Dalia Mesa, Claimant.

MESA,
*Petitioner,*

*v.*

BARKER MANUFACTURING CO. et al,
*Respondents.*

(WCB No. 81-00393; CA A25571)

672 P2d 1378

Judicial Review from Workers' Compensation Board.

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Deborah MacMillan, Portland, argued the cause for respondents. With her on the brief were Frank A. Moscato, and Moscato & Meyers, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Claimant seeks reversal of a decision of the Workers' Compensation Board, claiming two errors. First, she alleges that the Board erred in holding that employer had acted within its authority in unilaterally recovering an overpayment of temporary total disability payments by deducting it from currently due temporary total disability payments. Second, she alleges that the Board erred in reducing the award of scheduled disability so that claimant would not receive any compensation for her functional overlay. We reverse and remand on the first issue and affirm on the second.

We held in *Forney v. Western States Plywood,* 66 Or App 155, 672 P2d 1376 (1983), that OAR 436-54-320 is invalid and that employers and carriers are not allowed unilaterally to deduct overpayments from current amounts due under compensation awards without prior approval from the referee or the Board. The facts in this case are indistinguishable from those in *Forney.* We therefore reverse that portion of the Board's order and remand for an order requiring employer to repay the amount deducted as an offset.

The Board ruled that functional overlay was documented by several physicians but that the record was "still devoid of proof that the condition was caused or aggravated by the injury or that such condition is permanent." The Board therefore held that the functional overlay should not have been considered in this case. Employer argues that a functional overlay can never be considered in evaluating the extent of a scheduled injury.

ORS 656.214(2) provides that the standard for determining the extent of permanent partial disability of a scheduled injury "shall be the permanent loss of use or function of the injured member due to the industrial injury." Nothing in the statute requires that the loss be solely due to physical disability or cannot include loss resulting from a psychological inability to use the member by reason of a functional overlay. Employer argues that *Woodman v. Georgia-Pacific Corp.,* 289 Or 551, 614 P2d 1162 (1980), is controlling in the case. In *Woodman,* the Supreme Court merely stated that the applicable standard under the statute was permanent loss of use or function and that loss of earning capacity cannot be considered. *Woodman* does not stand for the proposition that a

functional overlay, that contributes to the permanent loss of function or use of the scheduled member cannot be considered in determining the permanent award.

In *Lucky v. SAIF,* 27 Or App 565, 556 P2d 712 (1976), this court held that a functional overlay may be considered in determining the extent of a permanent unscheduled disability. We have found no case in which this court has resolved the issue of whether a functional overlay may be considered in rating a scheduled disability. However, so long as the functional overlay is related to the injury and it, together with the physical injury, permanently limits the use or function of a claimant's scheduled member, we see no reason why it should not be considered in determining the extent of permanent disability.

■　　The Board states that the record is devoid of proof that the functional overlay was caused or aggravated by the injury or that such condition is permanent. However, Dr. Button stated that the functional overlay is related to claimant's left wrist and arm condition, and we believe the record supports a finding that the functional overlay was related to the accident. That functional overlay increases the loss of use or function of claimant's wrist and arm. However, we have reviewed the evidence and find that, taken as a whole, the evidence does not convince us that claimant's functional overlay permanently limits her use or function of the scheduled member.

The order of the Board is affirmed as to extent of scheduled disability; reversed and remanded for an order requiring employer to repay the amount deducted as an offset.