Argued and submitted February 13, affirmed in part, reversed in part and remanded June 27, reconsideration allowed; former opinion modified; reversed and remanded October 31, 1984 (70 Or App 552, 690 P2d 511)

In the Matter of the Compensation of
Anna M. Scheidemantel, Claimant.

SCHEIDEMANTEL,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(81-00719; CA A28809)

683 P2d 1028

David C. Force, Eugene, argued the cause and filed the brief for peitioner.

Donna Parton Garaventa, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant appeals from an order of the Workers' Compensation Board. She contends that the Board erred in affirming SAIF's termination of her temporary total disability payments and in denying her aggravation claim. On *de novo* review, we affirm the denial of the aggravation claim. We reverse and remand to the Board to determine when temporary total disability payments should have ceased and whether a penalty and attorney fee should be awarded. ORS 656.298(6).

Claimant sustained a compensable back injury in 1979. She was treated for a dorsolumbar strain and was determined to be medically stationary in 1980. Later, she made an aggravation claim that resulted in a stipulated award of 7.5 percent unscheduled permanent partial disability. In April, 1981, her attending physician, Dr. Cox, admitted her to a hospital for evaluation. She was diagnosed as having chronic back pain, cause undetermined. After being billed for that treatment, SAIF denied responsibility. It alleged that, if in fact her condition had worsened, it was due to a mud-wrestling incident in which she had participated.

The referee found that claimant was not entitled to temporary total disability compensation and affirmed SAIF's denial of her aggravation claim. The Board affirmed the referee's denial of the aggravation claim but found SAIF liable for disability payments from the time of her April, 1981, hospitalization until she was released to return to work by Dr. Golden in July, 1981.

■　　Claimant argues that the Board improperly relied on Dr. Golden's report because he was SAIF's medical examiner and not her attending physician. *See* ORS 656.268.[1] ORS 656.005(13) provides, in relevant part:

---

[1] ORS 656.268 provides, in relevant part:

"(1) One purpose of this chapter is to restore the injured worker as soon as possible and as near as possible to a condition of self support and maintenance as an able-bodied worker. Claims shall not be closed nor temporary disability compensation terminated if the worker's condition has not become medically stationary * * *."

"(2) * * * If the attending physician has not approved the worker's return to the worker's regular employment, the insurer or self-insured employer must continue to make temporary total disability payments until termination of such payments is authorized following examination of the medical reports submitted to the Evaluation Division under this section."

"* * * 'Attending physician' means a doctor or physician who is primarily responsible for the treatment of a worker's compensable injury. 'Consulting physician' means a doctor or physician who examines a worker or the worker's medical record to advise the attending physician regarding treatment of a worker's compensable injury."

Clearly, Dr. Cox had been claimant's attending physician.[2]

We conclude that Dr. Golden was merely a consulting physician. He did not treat claimant. He advised Dr. Cox as to the etiology of her back problems. He conducted a second examination at the request of Dr. Cox and SAIF. He then reported that claimant should be able to return to "some kind of work."[3] Because Dr. Golden was a consulting physician, SAIF had no right to rely on his conclusion that claimant could return to work in stopping temporary total disability payments.

■ Claimant's aggravation claim was not denied by SAIF until December, 1981. Temporary total disability payments ceased, however, in July, 1981. Therefore we reverse and remand to the Board to determine when her temporary total disability payments should have ceased and whether a penalty and attorney fee should be awarded.

The other issue is claimant's aggravation claim. The referee found that there was insufficient medical evidence from which to conclude that her condition had worsened since

---

[2] In *Kemp v. Workers' Comp. Dept.*, 65 Or App 659, 667, 672 P2d 1343 (1983), *modified on other grounds,* 67 Or App 270, 677 P2d 725, *rev den* 297 Or 227 (1984), we stated:

"ORS 656.245(3) implies that a claimant can have only one attending phyician at a time. OAR 436-69-401(1) and (2) are consistent with that implication. The only additional requirement, that a new attending physician notify the insurer not later than five days after the date of first treatment, is merely one method of enforcing the implied directive of ORS 656.245(3) and is consistent with the legislative policy. OAR 436-69-401(1) and (2) are within the authority of the Department and are valid." (Footnote omitted.)

[3] Dr. Golden reported:

"My previous evaluation left the impression that this lady probably had a significant amount of functional overlay. I am unable to find any significant pathology and although she may have chronic lumbosacral spine strain, I am certain that she should be able to return to some kind of work without fear of aggravating an undiagnosed condition."

her last award or arrangement of compensation, ORS 656.273(1), or that the original 1979 injury was a material contributing cause of her April, 1981, aggravation. The Board agreed. It found:

> "Virtually every physician who has treated or examined claimant has been unable to find any objective evidence to substantiate her physical complaints; virtually every physician has felt that she was exaggerating her problem. This view is shared by the physicians who examined and treated claimant during her December 1980 and April 1981 hospitalizations. Additionally, with regard to claimant's April 1981 hospitalization, we find that claimant has not established that the 1979 industrial injury was a material contributing cause of the condition for which she was then treated. There is no statement from any physician indicating that the 1979 injury, as opposed to claimant's mud-wrestling activity prior to her April 1981 hospitalization, was a material cause of her exacerbated condition."

 Throughout the course of claimant's treatment, there has been a paucity of medical evidence establishing the physical cause of her disability. Dr. Cox could not determine the cause. He referred claimant to Dr. Golden, who refused to diagnose her condition beyond stating that she was suffering from a strained back. Dr. Whitney diagnosed a back strain. He reported, however, that a physical examination showed a completely normal back. A myelogram showed no evidence of disc disease. Claimant has the burden to show through medical evidence a worsening of her underlying condition, not merely an aggravation of her symptoms. *Sheffield v. SAIF,* 50 Or App 427, 429, 623 P2d 1082 (1981). We conclude that she has failed to sustain her burden of proof.[4] We affirm the denial of the aggravation claim.

Affirmed in part; reversed in part; and remanded.

---

[4] Claimant contends that the Board shifted the burden to her to prove that the mud-wrestling incident was not the major contributing cause of her problem. We do not read the Board's order as shifting the burden of proof.