On petitioner's reconsideration filed August 2, 1984, reconsideration granted; former opinion, filed June 27 (68 Or App 822, 683 P2d 1028, (1984)), modified; reversed and remanded October 31, 1984

In the Matter of the Compensation of
Anna M. Scheidemantel, Claimant.

SCHEIDEMANTEL,
*Petitioner,*
*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(81-00719; CA A28809)

690 P2d 511

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant's petition for review of our decision in this case, *Scheidemantel v. SAIF,* 68 Or App 822, 683 P2d 1028 (1984), is treated by us as a petition for reconsideration. ORAP 10.10. We allow the petition to consider matters we did not address in our earlier opinion. On *de novo* review, we now withdraw our former opinion and reverse and remand.

We take the relevant facts from our earlier opinion:

"Claimant sustained a compensable back injury in 1979. She was treated for a dorsolumbar strain and was determined to be medically stationary in 1980. Later, she made an aggravation claim that resulted in a stipulated award of 7.5 percent unscheduled permanent partial disability. In April, 1981, her attending physician, Dr. Cox, admitted her to a hospital for evaluation. She was diagnosed as having chronic back pain, cause undetermined. After being billed for that treatment, SAIF denied responsibility. It alleged that, if in fact her condition had worsened, it was due to a mud-wrestling incident in which she had participated.

"The referee found that claimant was not entitled to temporary total disability compensation and affirmed SAIF's denial of her aggravation claim. The Board affirmed the referee's denial of the aggravation claim but found SAIF liable for disability payments from the time of her April, 1981, hospitalization until she was released to return to work by Dr. Golden in July, 1981." 68 Or App at 824.

Claimant's primary contention on reconsideration is that the evidence presented concerning her psychological or "functional" difficulties is sufficient to sustain her aggravation claim.[1]

Although both the referee and the Board noted the evidence of psychological problems, neither discussed that evidence as a basis for sustaining claimant's claim. Instead, their focus was on the physical manifestations of a worsened back condition, which we concluded were insufficient to support her claim. Thus, the issue before us is whether an aggravation claim may be predicated on a claimant's psychological problems resulting from a compensable injury when no

---

[1] In her petition claimant notes that her brief on this point was confusing, rendering it difficult to "recognize that a psychiatric, rather than a physical, aggravation of her injury was being contended therein."

physical worsening has occurred. There is little Oregon law on the compensability of psychological problems resulting from a physical injury. However, the available authority persuades us that such a claim should be compensable to the same extent that physical aggravation is compensable.

██ We have previously held that a worker's functional overlay may be considered in determining the extent of scheduled or unscheduled permanent disability. *See Ferguson v. Industrial Indemnity,* 70 Or App 46, 687 P2d 1130 (1984); *Chatfield v. SAIF,* 70 Or App 62, 688 P2d 434 (1984); *see also Mesa v. Barker,* 66 Or App 161, 164, 672 P2d 1378 (1983); *Lucky v. SAIF,* 27 Or App 565, 556 P2d 712 (1976). Further, ORS 656.273(1), which speaks of "worsened conditions," does not limit such conditions solely to physical aggravation of a worker's condition.

The record here contains evidence that claimant has developed functional problems that are attributable to her compensable physical injury. Dr. Radmore, a psychiatrist who examined claimant twice in September, 1981, stated, in relevant part:

> "It is my impression that Anna is experiencing a significant adjustment problem which results from the alteration in her life style and self-perception secondary to her industrial injury and its sequelae. * * *

> "It is my opinion that further attempts should be made to guarantee the absence of organic pathology as the etiology for her pain and disability, and if these too are normal, that she be considered a candidate for intensive physical therapy and for some supportive psychotherapy to help her overcome the psychophysiologic response. I do believe these symptoms are the result of her industrial injury, and do not believe she is malingering. I do not believe she is medically stationary, and foresee an inexorable downward trend into true depression and helplessness if intervention is not both appropriate and timely. From a historical standpoint it is difficult to understand why she has not been on time loss since the original injury and why specific attempts to treat or rehabilitate her have not been made."

Other physicians who examined her reached essentially the same conclusion. Dr. Martin, a psychiatrist who examined her in June, 1980, was impressed by the possible presence of a

conversion reaction. Dr. Cox, her attending physician, concluded that there was a functional overlay. Dr. Golden agreed with that conclusion.

■ There is no evidence in the record that claimant suffered significant psychological difficulties before her compensable injury and her difficulties have been linked directly to that injury. The medical evidence supports her claim that her condition has worsened and that the worsening is due to her compensable injury. ORS 656.273(1). We therefore conclude that the Board erred in denying her aggravation claim.[2] Accordingly, we remand the case with instructions to accept that claim.

■ Claimant also argues that we should not have remanded to the Board for it to determine the relevant dates for payment of interim compensation and to determine the amount of penalties and attorney fees. She argues that a goal of the Workers' Compensation Act is quick resolution of claims and that we should expedite matters by resolving all issues now. *See* ORS 656.012(2); *Surratt v. Gunderson Bros.,* 259 Or 65, 485 P2d 410 (1971). The dates for payment of additional compensation are certain. Interim compensation should be awarded for the additional period from July 20, 1981, when payments were erroneously terminated, to December 21, 1981, when SAIF issued its late denial. We now so hold. However, determination of the amount of penalties and attorney fees is a matter the Board must resolve initially. ORS 656.262(10), 656.382(1).

Petition for reconsideration granted; former opinion modified; reversed and remanded.

---

[2] We find nothing in the record to support a contention that claimant's aggravated condition is due to a mud-wrestling incident in which she was involved.