Argued and submitted July 18, 1984, reversed and remanded with instructions
March 20, 1985

In the Matter of the Compensation
of Helena Faye Childers, Claimant.

CHILDERS,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(78-01507; CA A30552)

697 P2d 564

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant petitions for review of an order of the Workers' Compensation Board that affirmed the referee and denied her aggravation claim. Claimant, age 35, injured her back in a compensable accident in January 1973. She has experienced pain related to her back since the injury and had back surgery in March 1973 and September 1974. The initial determination order of May 22, 1974, awarded twenty percent unscheduled disability "resulting from injury to your back." A second determination order on November 18, 1975, awarded an additional fifteen percent unscheduled disability "resulting from injury to your low back." On February 23, 1978, claimant filed a claim for aggravation. SAIF denied it.[1]

The issue is whether claimant's condition resulting from the compensable injury worsened between November 18, 1975, and May 22, 1979, the date on which the five-year limitation period for filing an aggravation claim expired. ORS 656.273(4)(a). At the hearing in 1981, the referee appropriately considered evidence of claimant's worsened condition through May 22, 1979, even though some of that evidence was developed subsequent to SAIF's denial. *See* ORS 656.273(1), (4)(a); OAR 436-83-400(3), 436-83-510.

The parties agree that the determination orders of 1974 and 1975 recognized a psychological component of claimant's injury-related condition. The referee found that claimant's psychological condition was related to her 1973 injury and awarded medical expenses pursuant to ORS 656.245.[2] He concluded, however, that claimant had failed to prove a compensable aggravation claim because, although he found the lay testimony convincing, medical evidence regarding the worsening of her psychological condition was equivocal.[3] The Board affirmed the referee, stating that "claimant has failed

---

[1] Although the first request for a hearing was in 1978, four amended requests for hearing followed, as well as considerable correspondence between counsel and the referee. The matter finally came to hearing before the referee on June 25, 1981; the referee's opinion and order was issued on May 28, 1982; and the Board issued its order on review on November 30, 1983.

[2] SAIF does not contest the award under ORS 656.245, and it is not in issue here.

[3] The referee did not have the benefit of the subsequent Supreme Court opinion in *Garbutt v. SAIF,* 297 Or 148, 151, 681 P2d 1149 (1984), when he ruled against claimant on the ground that the medical evidence was equivocal.

to establish a worsening of her condition since the last award or arrangement of compensation * * *.'' We find that, although claimant's low back condition has not worsened since the last determination order, her related psychological condition, a conversion reaction, has.[4] We reverse.

The referee found:

> *"Claimant's chronic disabling mental state,* chronic back problems and chronic lower extremities problems or symptoms, and residual limitations have *'worsened' since November 18, 1975,* with passage of time (Testimonies of Claimant, Mr. Childers, claimant's husband, and Mr. Powers, the former employer of claimant at the Rod & Reel Restaurant).

> "Claimant's daily activities are now minimal. Claimant has given up, or limited, activities such as going to the beach, traveling, camping, socializing, yardwork, gardenwork, housework and riding a bicycle because of her chronic disabling mental state and because of her chronic low back condition, including the lower extremities.

> "Claimant has not held any substantial, gainful employment since her industrial injury of January 15, 1973.

> "All lay testimonies contained in the record are credible. The lay testimonies are entitled to full weight." (Emphasis supplied.)

We do not find that the medical evidence is equivocal but that it, along with the lay testimony, demonstrates a worsening of claimant's psychological condition. The evidence establishes that claimant converts her emotional reactions into physical manifestations[5] and that those physical

---

[4] The record variously characterizes claimant's psychological condition as "functional overlay," "conversion reaction," "hysterical neurosis, conversion type" and "conversion hysteria." These terms describe the same underlying condition in this case. We will use "conversion reaction."

[5] Dr. Perkins, a clinical psychologist, described claimant as "utilizing repression, denial, and somatization as defenses against experiencing considerable emotional upset." Dr. Yospe, a clinical psychologist, stated that there were indications that claimant "tends to use somatic symptomology as a means of expressing underlying emotional problems." Dr. Fried, a physician, examined claimant in August 1978 and stated:

> "It is my impression the patient suffers from a certain degree of hysterical overlay to her physical problem and that she tends to deny psychological difficulties and find somatic explanations of her problems more compatible with her self image."

manifestations of her psychological condition became more frequent, more severe and more diverse during the period in issue. The evidence also establishes that there was no physical cause for her increased disabilities and that during this period claimant had greater need of psychological treatment. We conclude that claimant's underlying psychological condition had worsened between November 18, 1975, and May 22, 1979.

Before November 18, 1975, the physical manifestations of claimant's psychological condition included her legs buckling occasionally, gastro-intestinal reactions, spasms, blackout spells and one incident of hysterical paralysis of undisclosed duration or location. Claimant's activities decreased, but she was still walking a few hours each day. During the same period, medical opinions noted an increasingly severe hysterical conversion reaction, moving from a "good" prognosis to a "guarded" one and an impression that claimant had reservations about pursuing rehabilitation.

Between November 18, 1975, and May 22, 1979, however, claimant was repeatedly hospitalized for back-related pain and suffered daily periods of severe pain lasting up to two hours, often with intense muscle spasms. She also had frequent and more severe falls caused by her legs buckling, suffered hysterical paralysis of the right leg for several days at a time, including one 19-day hospitalization for pain and the hysterical paralysis, and had headaches, lasting sometimes one to three days, and nausea. She was frequently bedridden. In November 1977, Dr. Grieser characterized claimant's problem as "hopeless," and in March 1978, Dr. Narus concluded that she was in "desperate need of psychiatric intervention in order to salvage her functional competence."[6] Although the evidence indicates that claimant continued to be ambivalent about rehabilitation, Dr. Dewey concluded in 1981 that her continued psychological problem was not a willful attempt to recover compensation without working. Her physical manifestations, the medical reports and her general inability to function all reflect a worsened psychological condition related to her 1973 injury. Claimant's aggravation claim is compensable. ORS 656.273.

---

[6] A rare positive report in September 1978 noted a "marked improvement in psychogenic dysfunction."

Reversed and remanded with instructions to accept the aggravation claim.