Argued and submitted March 27, 1985, affirmed April 16, reconsideration denied June 6, petition for review denied July 15, 1986 (301 Or 338)

In the Matter of the Compensation of
James W. Foushee, Claimant.

CONSOLIDATED FREIGHTWAYS,
*Petitioner,*

*v.*

FOUSHEE et al,
*Respondents.*

(WCB 82-06050, 81-10270; CA A32574)

717 P2d 633

Allan M. Muir, Portland, argued the cause for petitioner.

With him on the brief were Dennis S. Reese and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Deborah L. Sather, Portland, argued the cause for respondent Freightliner Corporation. With her on the brief were Frank A. Moscato and Moscato & Byerly, Portland.

Alan M. Scott, Portland, argued the cause for respondent James W. Foushee. With him on the brief were Jill Backes and Galton, Popick & Scott, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

This worker's compensation case presents the question whether, in order to establish an aggravation claim under ORS 656.273, it is necessary to prove a worsening of the underlying condition. The referee held that claimant had not shown a worsening of the underlying condition and upheld employer's denial of the claim. The Board reversed, holding that increased symptoms alone may constitute an aggravation, without a worsening of the underlying condition, and that claimant had shown such an aggravation. Employer seeks review, and we affirm.

Claimant suffered a back injury in 1980 while working for Consolidated Freightways, which on August 1, 1981, became self-insured. On September 23, 1981, claimant was found to be medically stationary, and soon thereafter he returned to his regular work. A determination order on November 2, 1981, awarded 10 percent permanent partial disability.

In April, 1982, while employed by Freightliner, claimant was given new job duties. Shortly thereafter he began to suffer pain and could not work, and he requested that his claim be reopened. Consolidated Freightways accepted responsibility for medical treatment but would not reopen the claim. A hearing on the denial was postponed so that claimant could file a new injury claim against employer. He did, and it was denied.

The parties' dispute concerns whether the April, 1982, occurrence constituted a new injury, an aggravation or neither. There is evidence that claimant has suffered back pain since his injury in 1980. No specific event precipitated the increased severity of his symptoms in April, 1982. The evidence shows that the work he performed at his new job assignment was no more strenuous than his previous work. Dr. Rusch characterized claimant's current condition as an "aggravation" of his back condition. There is no evidence that any incident contributed independently to the cause of his increased disability, and we find that he has not suffered a new injury. *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976).

The second inquiry is whether there is sufficient

evidence to show that claimant has suffered an aggravation of the 1980 compensable injury, so as to qualify for increased benefits under ORS 656.273, which requires that there be a "worsened condition." Consolidated Freightways maintains that there can be no aggravation without a worsening of the underlying condition, and the referee agreed.

The term "worsened condition" is used with reference to compensability under a variety of circumstances. In *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979), it is used in connection with the compensability of a preexisting disease. There, the court held that, for the condition to be compensable, a claimant must show a worsening of the underlying condition as a result of his employment, not just a worsening of symptoms. *Weller* does not apply to an industrial injury claim. *Barrett v. D & H Drywall,* 300 Or 325, 709 P2d 1083 (1985), *on reconsideration* 300 Or 553, 715 P2d 90 (1986).

■ For an aggravation to exist, a claimant must already have established the compensability of the underlying condition. To establish an aggravation of that compensable condition, it is sufficient to show that the symptomatology of the condition has worsened so that the claimant is more disabled than at the time of the last arrangement of compensation. ORS 656.273; *see Smith v. SAIF,* 78 Or App 443, 717 P2d 218 (1986); *Ellis v. SAIF,* 67 Or App 107, 677 P2d 57 (1984); *Nelson v. SAIF,* 49 Or App 111, 634 P2d 245 (1980). It is not necessary to establish a worsening of the *underlying* compensable condition.[1]

■ Here, the record indicates that claimant has experienced new and more severe symptoms since the last arrangement of compensation and that, as a result, he is more disabled. His increased disability is a compensable aggravation.

Affirmed.

---

[1] A case holding to the contrary, *Scheidemantel v. SAIF,* 68 Or App 822, 683 P2d 1028, was withdrawn 70 Or App 552, 690 P2d 511 (1984).