Argued and submitted September 5, 1985, reversed, referee's order reinstated
April 30, 1986

In the Matter of the Compensation of
Georgia L. Pierson, Claimant.

**PIERSON,**
*Petitioner,*

*v.*

**SAIF CORPORATION,**
*Respondent.*

(WCB 82-09450; CA A33907)

718 P2d 771

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief were Diane L. Craine, John S. Stone and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant petitions for review of an order of the Workers' Compensation Board which reversed the referee's order and denied her claim for aggravation of her compensable arm injury. We reverse the Board and reinstate the referee's order.

On April 22, 1977, claimant suffered a compensable injury to her right shoulder and elbow while employed at Bill's Tavern in Portland. After moving to Coos Bay, she was examined and treated by Dr. Smith, an orthopedist, who concluded that claimant had a post-traumatic lateral epicondylitis of the right elbow. When conservative treatment failed, Smith performed a surgical release of the medial epicondylar area of her right elbow. In May and June, 1978, claimant was evaluated at the Callahan Center. Her discharge report indicated that, in addition to her shoulder and elbow problems, she "over-focus[ed] on physical symptomatology" and tended "to gain considerable 'secondary gain' from her injury." On October 9, 1978, Smith examined claimant, diagnosed "continued disability following strain of right shoulder and elbow" and stated that her condition was stationary. A February 27, 1979, stipulated order granted her compensation for 35 percent loss of her right arm and 20 percent unscheduled disability for her right shoulder injury.

Claimant returned to Smith in 1981. He reported:

> "[Claimant's] examination shows considerably more functional loss today than when I examined her last in October, 1978. * * * It is hard to know how much of her shoulder motion loss, loss of elbow extension, and weakness of grip is functional and how much has a true organic basis."

Smith referred her to Dr. Bernstein, who performed a neurologic examination. Bernstein concluded that her condition was "most suggestive of marked functional overlay" and that "her prognosis * * * for any significant symptomatic functional recovery is nil."

In July, 1982, claimant consulted Dr. Whitney, an orthopedist. He noted that her symptoms were "indicative of a

psychogenic origin."[1] In a letter to SAIF, he also stated that claimant suffered from "marked functional overlay," although he found it "impossible to respond with any medical certainty" to the question of the relationship of her present symptoms to her compensable injury.

Dr. Martin, a psychiatrist, examined claimant on March 6, 1983. He initially stated that her symptoms were probably in part psychogenic and added:

> "It would be my opinion that [claimant] most likely will have problems associated with depression and anxiety prior to the injury and that these were possibly aggravated by that injury."

When claimant's counsel sought clarification, Martin responded:

> "That sentence was worded incorrectly and should read it would be my opinion that [claimant] most likely did have problems associated with depression and anxiety prior to the injury and that these were probably aggravated by that injury."

Claimant requested that her claim be reopened as an aggravation, ORS 656.273, and SAIF denied the claim. She sought a hearing, and the referee reversed.

> "As I view it, the *weight* of the evidence indicates that subsequent to her award of permanent disability in February, 1979 the claimant began to experience increased functionally disabling pain in her right shoulder and arm; that this increased pain is probably psychological in origin; that the psychologically based pain is probably at least materially related to the 1977 compensable injury." (Emphasis in original.)

SAIF requested review, and the Board reinstated the denial, stating merely:

> "Claimant is required to prove by a preponderance of the persuasive evidence that her condition has worsened, and that such a worsening is due to her 1977 injury. At best, the evidentiary scales are evenly balanced; therefore, we conclude that claimant has failed to sustain her burden of proof."

---

[1] Whitney prescribed medication, because he was unable to rule out an organic basis for claimant's symptoms. SAIF initially denied the claim for Whitney's services, but the referee and Board found them compensable under ORS 656.245(1). SAIF has not cross-petitioned from that holding.

Claimant's aggravation claim is governed by ORS 656.273(1), which provides:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

To establish an aggravation of her previous compensable injury, claimant must show, by a preponderance of the evidence, that the symptomatology of her condition has worsened to an extent that she is more disabled than she was at the time of the last arrangement of compensation. *Consolidated Freightways v. Foushee,* 78 Or App 509, 717 P2d 633 (1986); *see Barrett v. D & H Drywall,* 300 Or 325, 709 P2d 1083 (1985), *on reconsideration* 300 Or 553, 715 P2d 90 (1986).

■ On *de novo* review, we hold that claimant has met her burden. She and her husband testified at the hearing that she was more disabled then than she was at the time of her initial award. The referee apparently believed their testimony, and the Board did not say that it disbelieved it. Moreover, Smith, who treated the original injury, stated that claimant was suffering from "considerably more functional loss" in 1981. In fact, the evidence is undisputed that the symptomatology associated with claimant's compensable 1977 injury has worsened since the time of the original award and that claimant is more disabled than she was then.

■ SAIF argues that any worsening of claimant's condition is a result of functional overlay and that "functional overlay cannot of itself trigger a right to compensation." That argument, however, is not supported by the cases. An aggravation caused by a functional overlay is compensable, *Childers v. SAIF,* 72 Or App 765, 697 P2d 564 (1985); *Colbert v. SAIF,* 54 Or App 763, 635 P2d 1363 (1981), even if there is no psychogenic component in the original injury. *Scheidemantel v. SAIF,* 70 Or App 552, 690 Or App 511 (1984). "It is not necessary to establish a worsening of an *underlying* compensable condition to prove an aggravation." *Consolidated Freightways v. Foushee, supra,* 78 Or App at 512. (Emphasis in original.) It is sufficient that claimant proved that the symptomatology of her condition has worsened to the extent that she is more disabled.

Reversed; referee's order reinstated.