Argued and submitted May 5, reversed; referee's order reinstated August 27, 1986

In the Matter of the Compensation of
Kenneth L. Booras, Claimant.
BOORAS,
*Petitioner,*
*v.*
NORTH BEND GARBAGE et al,
*Respondents.*
(WCB 83-11009, 83-11008, 82-09693; CA A37029)
724 P2d 348

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Associates, Eugene.

Randy G. Rice, Portland, argued the cause and filed the brief for respondent EBI Companies.

Marcus Ward, Elmira, argued the cause and filed the brief for respondent William Cusack.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents SAIF Corporation and North Bend Garbage. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

**PER CURIAM**

Claimant seeks judicial review of an order of the Workers' Compensation Board that reversed the referee's order, in which the referee had concluded that claimant had suffered an aggravation of a previous compensable injury on the basis of claimant's testimony and the treating physician's opinion.[1] The Board concluded that claimant's condition and symptoms were unchanged since his last award of compensation. On *de novo* review, we find that claimant showed that he has suffered some worsening of his compensable condition and, therefore, we reverse the Board and reinstate the referee's opinion. *Consolidated Freightways v. Foushee,* 78 Or App 509, 717 P2d 633, *rev den* 301 Or 338 (1986).

Reversed; referee's order reinstated.

---

[1] The referee concluded that claimant's employer at the time of his original injury was responsible, on the basis of his finding no evidence that claimant's subsequent employment contributed in any way to his worsened condition. The issue of responsibility was not raised before the Board on review and is not considered in this appeal.