Argued and submitted April 20, reversed and remanded with instructions to accept aggravation claim November 25, 1987

In the Matter of the Compensation of
Steven M. DeMarco, Claimant.

DeMARCO,
*Petitioner,*

*v.*

JOHNSON ACOUSTICAL et al,
*Respondents.*

(WCB 85-01456; CA A41112)

745 P2d 815

Robert K. Udziela, Portland, argued the cause for appellant. On the brief were Diana Crane and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Claimant seeks review of an order of the Workers' Compensation Board that affirmed the referee's denial of his aggravation claim. We reverse.

Claimant, age 23, sustained a compensable injury on July 26, 1982, while employed as a drywall installer. The work required that he lift and place heavy pieces of sheetrock, often overhead. He strained his lower back and neck when he lifted a piece of sheetrock. Due to lack of work, he stopped working as a drywall installer in September, 1982. Beginning in November, 1982, he sought treatment from several chiropractors, who believed that he would be better off in a new line of work. Although he had not graduated from high school, he had received a GED while he was in the service. He attended computer programming school at his own expense until December, 1983. He tried, unsuccessfully, to find a job as a computer programmer. Because he needed money and could find no other work, he went back to work as a drywall installer in March, 1984.

A determination order in 1984 awarded claimant 15 percent unscheduled permanent partial disability because of the injury to his lower back. After a hearing on November 1, 1984, the referee increased the award to 25 percent unscheduled permanent partial disability. No party sought Board review.

Claimant experienced a sharp, stabbing pain in his upper back and neck at work on November 13, 1984. Dr. Crandall, his treating physician, diagnosed an acute muscular spasm and told him to remain off work. He has remained off work since that time. He filed a claim for aggravation of his 1982 injury; SAIF denied it on April 19, 1985, on the ground that his condition had not worsened.

Claimant must show that his condition has worsened after November 1, 1984, the date of the last arrangement of compensation,[1] and that the worsening was materially caused by his July, 1982, injury. A worsened condition is a changed

---

[1] The Board held that November 1, 1984, the date of the hearing, is the appropriate date from which to measure claimant's worsening. SAIF does not argue that the Board erred.

condition which makes a claimant more disabled, meaning less able to work, either temporarily or permanently, than at the last arrangement of compensation. *Smith v. SAIF,* 302 Or 396, 399, 730 P2d 30 (1986). Increased pain may constitute an aggravation if it reduces a claimant's earning capacity below what it was at the time of the last arrangement of compensation. *See Harwell v. Argonaut Insurance Co.,* 296 Or 505, 510, 678 P2d 1202 (1984); *Consolidated Freightways v. Foushee,* 78 Or App 509, 512, 717 P2d 633, *rev den* 301 Or 338 (1986).

SAIF does not contend that claimant's condition is not the result of his July, 1982, injury. It argues, however, that there is no basis to find an aggravation, because the previous award compensated claimant for the pain that he might suffer if he went back to sheetrocking. Claimant, however, had already returned to sheetrocking in March, 1984, and had been doing that work for over seven months before the hearing. The evidence before the referee showed that claimant suffered pain while working and that, as a result, his productivity had declined. The award takes into account that claimant, who was paid at a piece-work rate, would earn less due to the pain he would suffer if he continued to install sheetrock. It does not take into account that he would find it necessary to stop sheetrocking entirely. *See Gwynn v. SAIF,* 304 Or 345, 745 P2d 775 (1987).

■ Claimant testified that the stabbing pain that he experienced while working on November 13, 1984, was worse and more intense than what he had suffered in the original injury or after he returned to work in March, 1984. After November 13, 1984, Crandall and Dr. Pasquesi, SAIF's evaluating physician, stated that, based on claimant's subjective complaints, his symptoms had worsened. No one contends that claimant is not a credible witness. Both doctors drew attention to increased problems in his neck. Crandall reported that on November 13, 1984, claimant had suffered a muscle spasm in his neck. He told claimant to stop working as a sheetrocker. When Pasquesi first examined claimant on September 21, 1984, he reported that, "[i]n the cervical spine area, the patient has a full range of motion without discomfort." On April 1, 1985, however, Pasquesi stated that "flexion and rotation to the right and left causes pain in the region of the mid cervical spine area, as well as in the scapular areas." He advised claimant to avoid "constant repetitive holding of his

head in a stopped or flexed position or requiring motions from the left to right." The evidence shows that claimant's condition had worsened after November 1, 1984.

Reversed and remanded with instructions to accept the aggravation claim.