Argued and submitted December 7, 1987, affirmed June 22, 1988

In the Matter of the Compensation of
James E. Marek, Claimant.

BOISE CASCADE CORPORATION,
*Petitioner,*

*v.*

MAREK,
*Respondent.*

(WCB 85-09772; CA A42804)

756 P2d 685

Jerry K. Brown, McMinnville, argued the cause for petitioner. On the brief were Hugh B. Webb, and Cummins, Cummins, Brown, Goodman & Fish, P.C., McMinnville.

James L. Edmunson, Eugene, argued the cause and filed the brief for respondent. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Employer, Boise Cascade Corporation (Boise), seeks review of a Workers' Compensation Board order affirming the referee's order setting aside Boise's denial of claimant's aggravation claim. We affirm.

Claimant suffered a head injury in 1983 while working as a truck driver for Boise. Dr. Mundall, a neurologist, diagnosed the condition as post-traumatic headaches and prescribed medication. Claimant continued working after the injury, but was laid off in November, 1984. In August, 1984, he was found to be medically stationary and received an award of 10 percent unscheduled permanent partial disability. In April, 1985, he began work for Jasper Wood Treating Products (Jasper) as a forklift driver. In June, 1985, he returned to Mundall, who found no change in the underlying condition but indicated that his symptoms had worsened. In July, 1985, claimant lost his job at Jasper, because of absences from work due to severe headaches. He began receiving treatment for his headaches from Dr. Knox, a neurologist, who put claimant on total disability status from July through December, 1985. The medication that claimant received from Knox helped alleviate the headaches, and he returned to work as a truck driver in March, 1986.

Boise first argues that a worsening of symptoms without a worsening of the underlying condition is insufficient to establish an aggravation claim. We do not agree. To establish an aggravation claim, a claimant must show "worsened conditions resulting from the original injury." ORS 656.273. That does not mean that the underlying condition must have worsened; it is sufficient to show that the symptoms of the condition have worsened to the extent that the claimant is more disabled than at the time of the last arrangement of compensation. *Consolidated Freightways v. Foushee,* 78 Or App 509, 513, 717 P2d 633 (1986).

The evidence from Mundall and claimant shows that claimant suffered a worsening of symptoms in May, 1985, and thereafter, and that, as a result, he became more disabled than he had been when his claim was closed in August, 1984. Except for a few days following a treatment for his headaches, claimant did not miss work at Boise. However, between May and mid-July, 1985, he was off work one to two days a week due to

his headaches, and he eventually lost his job because of those absences. Knox concluded that claimant was temporarily totally disabled from July 15, 1985, through at least December 5, 1985.

Alternatively, Boise argues that if a worsening of symptoms is sufficient to establish an aggravation claim, claimant did not show an increase in disability but merely a waxing and waning of symptoms anticipated at the time of the original award.

The Supreme Court recently addressed the question of how to distinguish a new period of incapacity that justifies additional compensation from one that constitutes a flareup that was anticipated at the time of the original award. *Gwynn v. SAIF*, 304 Or 324, 353, 745 P2d 775 (1987). However, we do not need to determine whether the original award contemplated the flareup of symptoms, because claimant's new period of total disability exceeded 14 days. As held in *Gwynn*, even if the previous award anticipated a waxing and waning of symptoms, if a worker becomes totally disabled for more than 14 consecutive days, he has proven an aggravation and entitled to compensation for temporary disability and to a reevaluation of the extent of permanent disability. Accordingly, claimant is entitled to compensation for temporary disability and to a reevaluation of the extent of permanent disability.

Affirmed.