Argued and submitted January 8, reversed and remanded with instructions
July 20, 1988

In the Matter of the Compensation of
Lela K. Findlay, Claimant.

FINDLAY,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 85-08074; CA A42967)

757 P2d 459

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's denial of her aggravation claim. ORS 656.273. On *de novo* review, we reverse.[1]

In February, 1979, while working as a respiratory therapist for employer, claimant suffered a compensable low back injury. By a February, 1980, determination order, she was awarded temporary partial disability and temporary total disability. She returned to work between October, 1979, and December, 1980, but continued to have lower back pain. In May, 1982, she was diagnosed as suffering from chronic lumbar strain and degenerative disc disease. In December, 1982, she underwent a bilateral posterolateral spinal fusion. The claim was reopened and then closed by a September 19, 1983, determination order which awarded her compensation for 10 percent unscheduled permanent partial disability. She returned to work without any significant problems except for occasional back pain, which she alleviated with baths, exercise and rest.

In August, 1984, employer transferred her to another position, which involved an increased amount of driving. She drove approximately 1,500 miles the first week in the new position and, because of the transfer, did not have access to the van that she usually drove or to her waterbed. She again began to experience severe low back and leg pain, and her left leg occasionally became numb. She also experienced nausea in association with the pain and due to the vibration of the vehicle. Her usual methods for dealing with pain were ineffective. Her treating physician at the time, Dr. Nelson, prescribed medication, which alleviated some of her symptoms but left claimant too groggy to perform her duties. In November, 1984, because of her increased pain and nausea and on the basis of Nelson's recommendation, claimant resigned. She filed an aggravation claim on November 19, 1984; SAIF denied it on May 17, 1985.

■ In order to establish an aggravation claim, claimant

---

[1] The petition for review in this case was filed on January 30, 1987, before the effective date of Or Laws 1987, ch 884, § 12.

must show that her condition has worsened since the September, 1983, determination order, and that the worsening was materially caused by her 1979 injury. *DeMarco v. Johnson Acoustical,* 88 Or App 439, 745 P2d 815 (1987). The parties do not dispute that her condition has worsened. The only issue on review is whether claimant established that her current condition is causally related to her 1979 compensable injury.

To establish her claim, claimant offered the reports of Dr. Grimm, a neurologist, who treated her back pain before her 1982 surgery. Grimm stated that claimant's current condition, involving increased low back and leg pain and nausea, is consistent with the development of incisional neuromas located on the two surgical scars on the lower back. He stated:

> "These neuromas are strategically located such that virtually any persistent back activity, including pressure, driving and importantly, vibration (which also makes the patient very uncomfortable as well as nauseated) are at the heart of this difficulty.

> "These are certainly new and quite different developments from those cited by myself earlier in this decade and followed."

Grimm noted that applying pressure to the bottom of each surgical scar produced much of the back pain and nausea that claimant described and that, by injecting these areas with novacaine, he was able to relieve the symptoms.

■        The Board concluded that claimant did not prove that the 1979 injury caused her current problems.[2] It did not find Grimm's report persuasive, because Grimm did not sufficiently explain how the neuromas were related to the 1979 compensable injury. Although a more detailed medical explanation of the relationship between claimant's injury, the surgery and the development of neuromas would have been possible, the evidence from Grimm is sufficient to lead us to conclude that the neuromas resulted from the 1982 surgery, which was necessary because of claimant's compensable injury. In addition to the explanation in the report, Grimm concluded in a cover letter accompanying his report that the neuromas were a result of claimant's 1982 surgery, which was a consequence of her 1979 injury. He stated: "I have no doubt,

---

[2] The Board adopted the referee's opinion in its entirety.

based on my findings, that the situation is exactly as she says, *e.g.* that her condition has worsened and that it has done so as a consequence of the lumbosacral surgery done for a condition said to have originated from an on-the-job injury."

Grimm's conclusion and explanation was not rebutted by other evidence. SAIF offered the report of several doctors from Orthopaedic Consultants who examined claimant and concluded that her condition had not worsened since the last claim closure in September, 1983. They stated that, compared to a previous exam conducted by different doctors in their office in 1982, there had been an improvement in her condition. Nelson, claimant's treating physician at that time, concurred with the Orthopaedic Consultants' report. However, none of the doctors from Orthopaedic Consultants had previously examined her, nor did they offer any explanation for her increased symptoms of pain and nausea. They also did not discuss whether she had incisional neuromas or if neuromas could have caused her problems. Nelson noted that, because he had not treated claimant before her surgery and the final determination order, he could not render an opinion as to whether her condition had worsened. Accordingly, we conclude that claimant proved her aggravation claim.

Reversed and remanded with instructions to accept the aggravation claim.